IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | Cr. No. C-00-114 (1) |
| | § | |
| | § | |
| ASTLEY ANTHONY GRANT. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND SENTENCE

Pending before the Court is Defendant Astley Anthony Grant's ("Grant") motion to amend his sentence (D.E. 101), in which he argues that the Court should reduce his sentence because of his "post-sentencing rehabilitation and exemplary prison conduct." (D.E. 101 at 1.)

Grant argues that the Court should resentence him based on his post-conviction and post-sentencing rehabilitation. For support, he cites to three cases from other circuits, all of which held that post-sentencing rehabilitation was a proper basis for departure upon resentencing. (D.E. 101 at 2 (citing United States v. Rhodes, 145 F.3d 1375 (D.C. Cir. 1998), United States v. Core, 125 F.3d 74 (2d Cir. 1997) and United States v. Sally, 116 F.3d 76 (3d Cir. 1997).)

Grant's argument is flawed. As an initial matter, since those three cases were decided, the United States Sentencing Commission has issued a Policy Statement, effective November 1, 2000, addressing this precise issue and rejecting the positions of the courts

in the cases relied upon by Grant. Specifically, U.S.S.G. § 5K2.19 now instructs as follows:

> § 5K2.19 Post-Sentencing Rehabilitative Efforts (Policy Statement)
>
> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense.

U.S.S.G. § 5K2.19. Thus, the guidelines clearly indicate that post-sentencing rehabilitative efforts should not be a ground for downward departure upon resentencing.

More fundamentally, however, Grant's argument fails because it confuses the issue of whether a sentencing court may consider rehabilitative efforts when departing from the guidelines with whether a court has the power to resentence the defendant at all. Grant was already resentenced once by this Court, and an amended final judgment was entered on September 2, 2005. (D.E. 77.) The Court later rejected Grant's attempts to obtain an additional reduction in his sentence, which the Fifth Circuit affirmed. (D.E. 88, 99.)

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion

due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Grant fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on rehabilitative efforts in prison. Therefore, the Court does not have authority to alter his sentence and his motion to amend sentence is DENIED.

## **CONCLUSION**

For the foregoing reasons, Grant's motion to amend sentence (D.E. 101) is DENIED.

It is so ORDERED this 6th day of November, 2007.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE