IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| V. | § § § § | Cr. No. C-00-114 (1) |
| ASTLEY ANTHONY GRANT. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION

Pending before the Court is a motion filed by Defendant Astley Anthony Grant ("Grant"). (D.E. 103.) The motion, titled as a "Motion for Relief for Prosecutorial Misconduct and Ineffective Assistance of Counsel Pursuant to Rule 60(b) of the Federal Rule of Civil Procedures" [sic], was received by the Clerk on March 31, 2008. (D.E. 103.) In it, Grant argues that: (1) Assistant United States Attorney Mark Patterson engaged in prosecutorial misconduct; (2) his appointed counsel, Jason Libby, rendered ineffective assistance of counsel, (3) his counsel and AUSA Patterson allowed a witness named Mr. Gentles to provide perjured testimony to the Court during Grant's trial; and (4) the government's failure to move for a reduction in his sentence based upon substantial assistance was "prosecutorial vindictiveness." His contends that the Court should review the failure to move for a reduction in sentence for substantial assistance to determine whether that failure was based on an unconstitutional motive.

He further alleges that he entered into an agreement with the United States to withdraw his previous § 2255 motion in exchange for the government agreeing to move for Rule 35(b) relief, but that the written agreement filed with the Court made no mention of a

Rule 35(b) motion. He alleges that the Court then "rejected" that agreement and "ordered Mr. Patterson and Mr. Libby to construct a new agreement guaranteeing the Petitioner a Rule 35(b) motion for his substantial assistance." He claims that he is entitled to a reduction.

Grant previously moved for a reduction in sentence based on his cooperation with the government, raising many of the same issues he raises in the instant motion. The Court appointed him counsel and held a hearing on the government's failure to move for a reduced sentence based on Grant's assistance.

After the evidentiary hearing, the Court entered an order concluding that it was without authority to reduce Grant's sentence and denied his motion. Grant appealed, and the Fifth Circuit affirmed. The Fifth Circuit later granted in part Grant's petition for a panel rehearing. On the petition for rehearing, the Fifth Circuit again affirmed the decision of this Court. It held that the government was under no obligation to move for a reduction based on substantial assistance and that Grant had not made any showing of "illicit motive" in that decision, so as to make the government's decision reviewable. (D.E. 99 at 4.)

In his most recent filing, Grant rehashes the same issues he previously raised. Although he cites to Rule 60(b) of the Federal Rules of Civil Procedure, that provision does not entitle him to relief. That Rule provides that, on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the

judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. <u>Crutcher v. Aetna Life Ins. Co.</u>, 746 F.2d 1076, 1082 (5th Cir. 1984).

Grant's motion does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b). Moreover, the Court's ruling that the government was not required to move for a reduction in his sentence has already been affirmed on appeal. Aside from his conclusory and unsupported statement that the government's failure to move for a reduction was based on the "unconstitutional" reason of being vindictive against him because he exercised his right to proceed to trial, he has not presented any evidence of an unconstitutional motive. In short, Grant is not entitled to relief under Rule 60(b) and has presented nothing to the Court that shows its prior decision or the Fifth Circuit's opinion was erroneous.

For the foregoing reasons, Grant's motion (D.E. 103) is DENIED.

It is so ORDERED this 25th day of April, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE